FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2015 DEC 11 PM 12:02
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR410-107 |
| ) | |
| CHRISTOPHER REMUS GREEN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## O R D E R

Before the Court is Defendant Christopher Remus Green's Motion for Order for Clarification of Sentence. (Doc. 59.) In the motion, Defendant asks the Court "to rectify the sentence calculation that extends approximately 19 months over the intention of the original sentence. (Id. at 4.) Defendant's request is based on the Court's recommendation to the Bureau of Prisons ("BOP") that Defendant be given credit for the time he spent in custody prior to being sentenced in federal court. (Id. at 3-4.)

In some cases, a defendant may receive credit for time spent in custody prior to the imposition of a federal sentence. However, 18 U.S.C. § 3585(b) prohibits a defendant from receiving credit against his federal sentence for time spent in custody where that time was also

credited against another sentence.[1] In this case, the time Defendant spent in custody was credited against a sentence imposed by the state court based on the revocation of Defendant's state parole. Therefore, crediting Defendant with the time he spent in custody, which was already credited against his state sentence, would run contrary to the express statutory language of § 3585(b).[2] Accordingly, Defendant's motion must be **DENIED**.

SO ORDERED this 11th day of December 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence"." 18 U.S.C. § 3585(b) (emphasis added).

[2] Moreover, this Court is unable to order the BOP to award Defendant the credit he seeks. The BOP, not this Court, ultimately determines whether a defendant should receive credit. See United States v. Wilson, 503 U.S. 329, 331-34 (1992) (holding that BOP determines credit issues, not district courts); United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997) (recognizing federal courts lack authority under § 3585 to order BOP to award credit).